UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHILLIP V. EBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19CV00817 JCH |
| ) | |
| SECURA INSURANCE, A MUTUAL ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Ebert's Motion to Strike Affirmative Defenses or in the Alternative Make a More Definite Statement, filed April 12, 2019. (ECF No. 9). The motion is fully briefed and ready for disposition.

The present matter arises out of a motor vehicle collision on or about October 28, 2015. (Petition, ECF No. 6 ¶ 7). Plaintiff filed a Petition in the Circuit Court for the City of St. Louis on March 5, 2019. (ECF No. 6). Plaintiff asserts that he was driving a dump truck, a 2003 Wayne Sweeper automobile, during the course and scope of his employment with Schaefer Hauling, Inc. in St. Louis City. *Id.* ¶¶ 7-13. Plaintiff asserts that he was struck in the rear by Gregory Newlon's ("Newlon") vehicle as Newlon attempted to evade police in a high-speed chase. *Id.* ¶ 8. Plaintiff allegedly suffered injuries to his head, back, neck, left shoulder, and both legs, and alleges permanent injury to both his body and mind. *Id.* ¶ 16. On the date of the collision, Newlon was insured by Alfa Vision Insurance Company, which tendered its policy limits of fifty-thousand dollars ($50,000.00).. (ECF No. 6, ¶ 10). The fifty-thousand-dollar ($50,000.00) policy limit was split between three injured parties and settled to Plaintiff in the

amount of sixteen-thousand six-hundred and sixty-six dollars and sixty-seven cents ($16,666.67). Defendant Secura issued policy number 20-A-003182515-5 to Schaefer Hauling Inc., to cover the 2003 Wayne Sweeper automobile. *Id.* ¶ 13. Plaintiff claims that Newlon was an underinsured motorist and brings a count against Defendant Secura pursuant to its policy for an amount in excess of twenty-five thousand dollars ($25,000.00) and brings a second count against Defendant Secura for vexatious refusal to pay.

On April 10, 2019, Defendant Secura Insurance filed its Answer and Affirmative Defenses. (ECF No. 7). On April 12, 2019, the Plaintiff filed its Motion to Strike Affirmative Defenses or in the Alternative for a More Definite Statement. (ECF No. 12). Plaintiff specifically objects to Affirmative Defenses H, I, and J. The Affirmative Defenses state:

> (H) – For further [A]nswer and for its Affirmative Defense, Defendant states that Plaintiff's alleged injuries and associated damages were directly and proximately caused or contributed to be caused by his own negligence or by pre-existing conditions, and fault should therefore be compared and allocated accordingly."
> (I) – For further Answer and by way of Affirmative Defense, Defendant states that Plaintiff has failed to mitigate his alleged damages, if any.
> (J) – For further Answer and by way of Affirmative Defense, Defendant states that it continues to reserve any and all rights and defenses it has under the above-referenced policy of insurance and laws, and that it is not waiving any rights under the laws or policy of insurance and the terms and conditions therein.

(ECF No. 7 at 6).

Plaintiff contends that defendant has failed to satisfy its obligation to properly plead an affirmative defense pursuant to Federal Rules of Civil Procedure 12(f) and 8(b). Federal Rule of Civil Procedure 12(f) states that "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Federal Rule of Civil Procedure 8(b) states that a party must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b). Plaintiff argues that the Defendant's affirmative defenses are inadequate and conclusory. (ECF No. 9 at 2).

"The Court has broad discretion in resolving a motion to strike. *See Stanbury Law Firm v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000). Motions to strike "are viewed with disfavor and are infrequently granted." *Id.* (internal quotation marks omitted). "A motion to strike an affirmative defense should not be granted 'unless, as a matter of law, the defense cannot succeed under any circumstances or is immaterial in that it has no essential or important relationship to the claim for relief.' " *Speraneo v. Zeus Tech., Inc.*, 4:12CV578 JAR 2012 WL 2117872, at *1. "[A] motion to strike should not succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues." *Id.*; *Accord Schmidt v. Hosley Int'l, Inc.*, No. 4:15CV614 CEJ, 2015 WL 4134338, at *2 (E.D. Mo. July 8, 2015);

Defendant's affirmative defenses are short and plain statements that assert a defense to Plaintiffs claims. Plaintiff has not alleged that these defenses cannot be granted as a matter of law, nor does the Plaintiff contend that the defenses raised by Defendant cannot succeed or are unrelated to its claim for relief. Therefore, the Plaintiff's Motion to Strike is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Motion to Strike Affirmative Defenses (ECF No. 9) is **DENIED**

Dated this  12th   Day of June, 2019.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE